1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN WILLIAMS, SR.,

11          Plaintiff,                    No. CIV S-04-1167 LKK EFB P

12      vs.

13   SERGEANT NUCHOLS, et al.,

14          Defendants.          FINDINGS & RECOMMENDATION

15   _____/

16        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

17   U.S.C. § 1983.  The matter is currently before the court on defendants' motion to dismiss for

18   failure to state a claim upon which relief may be granted.  Plaintiff has failed to file an

19   opposition to this motion.

20   **I.      Standard for Motion to Dismiss**

21        A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt

22   that plaintiff cannot prove any set of facts consistent with his allegations which would entitle

23   him to relief.  *NOW, Inc. v. Schiedler*, 510 U.S. 249, 256 (1994); *Hishon v. King & Spalding*,

24   467 U.S. 69, 73  (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *Cervantes v. City of*

25   *San Diego*, 5 F.3d 1273, 1274-75 (9th Cir. 1993)).  Dismissal of the complaint, or any claim

26   within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts

1

1    alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

2    (9th Cir. 1990); *see also Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.

3    1984).

4         In considering a motion to dismiss, the court must accept as true the allegations of the

5    complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976),

6    construe the pleading in the light most favorable to the party opposing the motion and resolve all

7    doubts in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S.

8    869 (1969).  The court will "'presume that general allegations embrace those specific facts that

9    are necessary to support the claim.'" *NOW*, 510 U.S. at 256 (quoting *Lujan v. Defenders of*

10   *Wildlife*, 504 U.S. 555, 561 (1992).  Moreover, pro se pleadings are held to a less stringent

11   standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

12        The court may consider facts established by exhibits attached to the complaint.  *Durning*

13   *v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

14   which may be judicially noticed, *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388

15   (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed

16   with the court.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986).  The

17   court need not accept legal conclusions "cast in the form of factual allegations."  *Western Mining*

18   *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

19        A pro se litigant is entitled to notice of the deficiencies in the complaint and an

20   opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.

21   *See Noll v. Carlson*, 809 F. 2d 1446, 1448 (9th Cir. 1987).

22   **II.    Analysis**

23        Defendants assert that plaintiff fails to state a claim for retaliation.  To state a claim,

24   plaintiff must allege that defendants took some action against plaintiff for his engagement in a

25   constitutionally protected activity and the action served no legitimate penological interest or was

26   not narrowly tailored to serve such an interest.  *Rhodes v. Robinson,* 408 F.3d 559 (9th

1  Cir.2005); *Rizzo v. Dawson,* 778 F.2d 527, 531-32 (9th Cir.1985).

2      Plaintiff's complaint fails to satisfy this threshold pleading requirement.  He alleges that

3  his personal property was confiscated "by staff" while he was in administrative segregation.  He

4  states that upon returning from administrative segregation, he found that his property was

5  "diminished to the point of plaintiff's filing a 602 [appeal]."  From the face of the complaint, it is

6  clear that it was only after plaintiff's property was confiscated that he engaged in a

7  constitutionally protected activity by filing a grievance protected by the First Amendment.

8  Plaintiff therefore fails to state a claim for retaliation.

9      The allegation that his property was confiscated suggests that plaintiff is attempting to

10  assert a claim under § 1983 that he was deprived of his property without due process.  However,

11  assuming that the confiscation was, in fact, improper, the unauthorized deprivation of a

12  prisoner's property by a state employee does not constitute a violation of the Due Process Clause

13  of the 14th Amendment if a meaningful post-deprivation remedy for the loss is available through

14  the state's tort claims process.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1981); *see also Parratt v.*

15  *Taylor*, 451 U.S. 527 (1981) (holding that an unauthorized negligent deprivation of a prisoner's

16  property by a state employee does not constitute a violation of the Due Process Clause of the

17  14th Amendment if a meaningful post-deprivation remedy for the loss is available through the

18  state's tort claims process).  Plaintiff's claim sounds only in state law.

19      The court therefore recommends that defendants' motion to dismiss be granted.

20      Accordingly, it is hereby recommended that:

21      1.  Defendants' June 20, 2006, motion to dismiss be granted; and

22      2.  The Clerk be directed to close the case.

23      These findings and recommendations are submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after

25  being served with these findings and recommendations, any party may file written objections

26  with the court and serve a copy on all parties.  Such a document should be captioned "Objections

3

1  to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

2  specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

3  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4  Dated:  March 19, 2007.

5

6              EDMUND F. BRENNAN
              UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26